BAGES & COMPANY, INC., Petitioner, *v.* DISTRICT COURT
OF MAYAGÜEZ, Respondent.

No. 1590.   Argued April 2, 1945.—Decided July 6, 1945.

*José Sabater* for petitioner.
*Manuel Ledesma Dávila* and *Martín Avilés Bracero,*

MR. JUSTICE DE JESÚS delivered the opinion of the court.

This certiorari proceeding was filed to review a judgment of the District Court of Mayagüez which sustained two complaints claiming wages. The complaints were originally filed in the Municipal Court of Mayagüez by Isabel Torres and Lillian Avilés. Each of them alleged in her complaint that she worked for Bages & Co., Inc., as seamstress for an average weekly wage of $8.00 and that on December 6, 1943, the defendant corporation, without just cause, had dismissed her from her employment: wherefore she prayed for judgment ordering the defendant to pay to her $35.20, as the amount of her monthly wages.

The errors assigned by the petitioner are the following:

1. That the municipal court set May 4, 1944, at two o' clock in the afternoon, for the hearing of the case and on that day and hour the defendant appeared, answered both complaints and was ready for the trial, but the complainants failed to appear; that on December 27, 1944, the complainants moved the municipal court to set a day for the hearing of the case on its merits and the court set January 16, 1945; that on January 12, 1945, the corporation Bages & Co., Inc., filed a verified motion seeking the dismissal of the complaints on the ground that the complainants had failed to appear at the trial on May 4, 1944, and moreover because when they moved the court, on December 27, 1944, to set another date for the hearing the court could not set January 16, 1945, because more than ten days would elapsed from the filing of their motion until the date fixed for the hearing; that the municipal court dismissed defendant's motion and after a trial was had, it rendered judgment in favor of the complaints.

2. That after the records were sent to the District Court of Mayagüez and the new hearing being set for February 8, 1945, at the trial, and before the introduction of any evidence, the attorney for the defendant argued the questions raised in the municipal court, but the court dismissed them and ordered the commencement of the trial in both cases, which had been consolidated for trial, and after the evidence was introduced, judgment was rendered on February 16, 1945, sustaining both complaints.

Petitioner maintains that the municipal court erred in failing to dismiss the complaints on May 4, 1944, when the complainants failed to appear at the trial set for that day.

■ Undoubtedly, the dismissal of the complaints would have been proper if the complainants had been notified by the marshal of the day set for the trial and if the defendant had sought from the court the dismissal of the cases; but according to complainants' evidence, they were not notified

of the day set for the trial, and even assuming that they were, the court did not err in refusing to dismiss the complaints either, because, as we have pointed out, the respondent did not invoke said remedy. 41(*b*) Rules of Civil Procedure.

■ It is true that Act No. 10 regulating the claims of workmen and employees, approved November 14, 1917, provides by its § 2 (as amended by Act No. 13 of April 20, 1932, Laws of 1931–32, p. 216), that the trial should be held within ten days after the filing of the complaint and in the present case, in view of the incident which prevented the holding of the trial on May 4, when it was again set on December 27, 1944, the case should have been tried within ten days after December 27; but this statutory provision is purely directory and not mandatory, and therefore it did not annul the judgment of the municipal court. *Alonso* v. *Nieves*, 50 P. R.R. 678; *Winship, Governor* v. *Municipal Assembly*, 53 P. P.R. 131, and *Tardi* v. *Tardi*, 30 P.R.R. 209.

■ The fact that judgment was not rendered by the district court within 24 hours after the trial, does not annul the judgment of said court either: first, because the requirement of rendering judgment within 24 hours after the trial applies to municipal courts only,[1] and, secondly, because even if this provision were applicable to district courts, said provision is merely directory and not mandatory. *Alonso* v. *Nieves, supra; Winship, Governor* v. *Municipal Assembly, supra,* and *Tardi* v. *Tardi, supra.*

As the errors assigned by the petitioner are non-existent, the petition for certiorari should be denied and the record remanded to the district court for further proceedings.

---

[1] "Section 7.—That within 24 hours after the hearing, *the municipal judge* shall render judgment, affirming or dismissing the claim . . ." (Italics ours.)